O

cc: order, docket, remand letter to
Los Angeles Superior Court, No. BC 440240

JS - 6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| CHRIS FRANCIS, | ) | Case No. CV 10-07885 DDP (FFMx) |
| | ) | |
| Plaintiff, | ) | **ORDER GRANTING MOTION TO REMAND** |
| | ) | |
| v. | ) | |
| | ) | |
| RUST-OLEUM CORPORATION, | ) | [Motion filed on 11/10/10 ] |
| UNITED STATES CAN | ) | |
| CORPORATION, BALL | ) | |
| CORPORATION, W.W. GRAINGER, | ) | |
| INC., | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

     This matter is before the court on Plaintiff's motion to
remand the case to state court for want of federal jurisdiction.
After reviewing the papers submitted by the parties, the court
grants the motion.

**I.    BACKGROUND**

     Plaintiff Chris Francis filed the original action in the
Superior Court for the State of California, County of Los Angeles
on June 23, 2010. (Motion at 3:4-6.) Defendants were served with
the summons and complaint on August 11, 2010. (Motion at 3:7-9.)
The complaint was based on a product liability claim, alleging

1  $750,000 in damages. (Notice of Removal, Exhibit A.) On August 25,
2  2010, Defendant Rust-Oleum Corp. ("Rust-Oleum") filed a cross-
3  complaint in state court (<u>Id</u>. at 3:10-14.) and on September 22,
4  2010, Defendant W. W. Grainger, Inc. ("W. W. Grainger") also filed
5  a cross-complaint. (Motion at 3:10-18.) Both cross-complaints were
6  for indemnity. (Motion at 10:1-2.)

7      On October 5, 2010, Defendants Ball Aerosol and Specialty
8  Container, Inc., and Ball Aerosol and Specialty Container Holding
9  Corporation (collectively "Ball Aerosol")received an email from
10 counsel for Rust-Oleum and W. W. Grainger, notifying Ball Aerosol
11 that there was diversity of citizenship in the case.  Ball Aerosol
12 allegedly obtained consent from the other two Defendants (Rust-
13 Oleum and W. W. Grainger) to remove the case to federal court (Opp.
14 at 5:10-16.) and filed a Notice to Remove on October 20, 2010.
15 (Dkt. No. 1.)

16 **II.   DISCUSSION**

17      A.   Time Limit

18      "[I]f the case stated by the initial pleading is not
19 removable, a notice of removal may be filed within thirty days
20 after receipt by the defendant . . . of a copy of an amended
21 pleading, motion, order or other paper from which it may first be
22 ascertained that the case is one which is or has become removable".
23 Though the four corners of the complaint did not indicate that the
24 case was removable, Ball Aerosol learned, on October 5, 2010, that
25 the case was removable, and removed within thirty days of so
26 discovering.  (See <u>Carvalho v. Equifax Info. Servs., LLC</u>, 629 F.3d
27 876, 887 (9th Cir. 2010).  Accordingly, Ball Aerosol's removal was
28 timely.

B.   Unanimous Consent & Waiver of Removal Right

In a case with multiple defendants, all co-defendants must join in the application of removal.  <u>Proctor v. Vishay Intertechnology, Inc.</u>, 584 F.3d 1208, 1225 (9th Cir. 2009).  Ball Aerosol argues that it obtained the other defendants' consent to remove to this court.  Parties may, however, waive the right to remove by participating in a state court action.  <u>Schmitt v. Ins. Co. Of North America</u>, 845 F.2d 1546, 1551 (9th Cir. 1988) (superseded by statute on other grounds).  Filing a permissive cross-complaint constitutes participation in a state court proceeding sufficient to waive the right of removal.  <u>Id.</u> at 551.

Other courts agree that permissive cross-complaints filed in state court waive a defendant's right to removal. In <u>Westwood v. Fronk</u>, 177 F.Supp.2d 536 (N.D.W.V. 2001), the court found that Fronk's "affirmative action in filing a permissive state court cross-claim expressed Fronk's "clear and unequivocal" intent to accede to state court jurisdiction." <u>Fronk</u>, 177 F.Supp. at 541.  As the <u>Fronk</u> court noted, "[t]reatises recognize the longstanding proposition that '[p]articipating in state court proceedings, such as seeking some form of relief [including filing permissive cross-claims], when the defendant is not compelled to take the action . . . . constitutes a waiver of the defendant's right to remove to federal court.'" <u>Id.</u> at 540 (quoting 10 James W. Moore, et al., *Moore's Federal Practice,* § 107.18[3][a].)

Because W.W. Grainger and Rust-Oleum waived their right to remove by filing permissive cross-complaints in state court, they could not consent to Ball Aerosol's removal.  W.W. Grainger and

3

Rust-Oleum waived their right to remove, and could not properly join in Ball Aerosol's application.

**III. CONCLUSION**

For the foregoing reasons, the court finds that the defendants have not unanimously consented to removal. Therefore, the court GRANTS Plaintiff's motion to remand.


IT IS SO ORDERED.


Dated: April 20, 2011

DEAN D. PREGERSON
United States District Judge